[No. 37962. Department One. March 24, 1966.]

THE STATE OF WASHINGTON, *Respondent,* v. HERBERT S. NEWMAN, *Appellant.**

*Opendack & Alfieri* and *Henry P. Opendack,* for appellant.

*Charles O. Carroll* and *Timothy H. Hill,* for respondent.

OTT, J.—This appeal presents a single issue: Is a defendant, charged with and convicted of the crime of grand larceny, denied his constitutional right of due process when the stolen merchandise is not introduced in evidence at the trial?

*Reported in 412 P.2d 515.

The agreed facts are substantially as follows: Herbert S. Newman was seen leaving the Leslie Hughes store in Seattle with a bundle of clothing under his arm. Two clerks from the store pursued him. He dropped the clothing as he ran. One of the clerks picked up the merchandise. Newman was pursued until he stopped, and turned toward his pursuers, threatening them with a drawn knife in his hand. At this time, police officers arrived and arrested him.

At the trial, Herbert Newman was identified by the witnesses, and the merchandise (six sport coats) was identified as the property of the Leslie Hughes store, of a value of more than $75. The evidence further established that the merchandise was not the property of Herbert Newman, but had been stolen by him from the owner thereof, in King County, on December 30, 1963.

RCW 9.54.010 defines larceny as follows:

> Every person who, with intent to deprive or defraud the owner thereof—
>
> (1) Shall take . . . the property of another
>
> . . . .
>
> Steals such property and shall be guilty of larceny.

RCW 9.54.090 provides in part:

> Every person who steals or unlawfully obtains . . . in any manner specified in RCW 9.54.010—
>
> . . . .
>
> (6) Property of the value of more than seventy-five dollars, in any manner whatever; shall be guilty of grand larceny . . . .

The stipulated facts established all of the statutory elements of the crime of grand larceny. The introduction in evidence of the sport coats bearing the store's label would have been strong proof both of ownership and value. Why the state did not introduce this preferred evidence at the trial is not explained in the agreed statement of facts. We can only assume that when the sport coats were returned to the store they were sold and were not available.

Oral proof is sufficient to establish the essential elements of grand larceny. It is the sole province of the

jury to determine whether such evidence has established the elements beyond a reasonable doubt. In the instant case, the defense rested at the close of the state's case. The jury believed the evidence introduced by the state and returned a verdict of guilty.

The appellant was not denied his right to cross-examine the state's witnesses relative to the nature or value of the property taken; nor was he denied the privilege of introducing testimony relative to the nature or value of the merchandise which the state alleged had been feloniously stolen. Appellant's failure to exercise these constitutional rights was not a denial of due process. It follows that the appellant was not denied his constitutional right of due process when the stolen merchandise was not introduced in evidence.

The judgment and sentence is affirmed.

ROSELLINI, C. J., HILL and HALE, JJ., and LANGENBACH, J. Pro Tem., concur.

---

May 20, 1966. Petition for rehearing denied.