THE STATE OF WASHINGTON, *Respondent*, v. JAMES B. WILLIAMS, *Appellant*.

*David L. Shorett,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney, Ronald H. Clark* and *John E. Oswald, Deputies,* for respondent.

WILLIAMS, J.—James B. Williams was charged by amended information with the crimes of carnal knowledge and assault in the second degree, to which he pleaded not

guilty. Following a trial to the court sitting without a jury which resulted in a finding of guilty as to both crimes, he was charged by supplemental information with being an habitual criminal. He was so found and appeals from the judgment and sentence of life imprisonment entered upon these findings. The evidence concerning the crimes of carnal knowledge and assault is rather sordid and is not necessary to an understanding of the issues presented on this appeal.

The first question is whether the court erred in refusing to allow Williams to cross-examine the prosecutrix regarding a complaint of rape which he claimed she made 2 years before. Williams cites *People v. Hurlburt,* 166 Cal. App. 2d 334, 333 P.2d 82, 75 A.L.R.2d 500 (1958), to support his position that evidence of prior false complaints is relevant to show the state of mind of the complaining witness and her tendency to make such complaints. Further, evidence of making false sex charges is independent evidence that the offense charged against the defendant was not committed. The trial court considered Williams' offer to prove that a complaint had not been filed by the prosecuting attorney, and the state's offer to prove that, although the complaint had not been filed by the prosecuting attorney, it had not been false and was over 2 years old. The opinion in *Hurlburt* warned that the state has a duty to its young people, stating that

> While it frequently has been recognized that charges of this type are easy to make and hard to disprove, it should also be noted that charges that the child prosecutrix has lied about such matters in the past can also be easily made. The courts should be vigilant in seeing to it that the privilege of cross-examination here approved should not be abused.

*People v. Hurlburt, supra* at 343. We hold that the court did not abuse its discretion in limiting the scope of cross-examination. *State v. Goddard,* 56 Wn.2d 33, 351 P.2d 159 (1960); *State v. Robbins,* 35 Wn.2d 389, 213 P.2d 310 (1950); *State v. Davis,* 20 Wn.2d 443, 147 P.2d 940 (1944)..

■ Next, Williams assigns error to something said by the prosecuting attorney which related to a spectator who was evicted by the court for causing a disturbance. Trial was to the court and not a jury and we do not believe the trial court was influenced by the remark. *State v. Ryan,* 48 Wn.2d 304, 293 P.2d 399 (1956). The court stated that it would disregard the statement made by counsel and we assume the court obeyed its own instructions. *State v. Weekly,* 41 Wn.2d 727, 252 P.2d 246 (1952).

Williams then attacks the supplemental information which charged him with being an habitual criminal. His first claim of error in this regard is directed to that portion of the order denying his motion to dismiss the supplemental information which recited that the court did not have discretion to dismiss in the furtherance of justice under the authority of RCW 10.46.090. If the court dismisses a criminal prosecution under that statute, it must set forth in the order the reasons for the dismissal. Except for the assignments of error hereafter discussed, no reasons were advanced by Williams nor considered by the court which would justify dismissal. Considerable discussion occurred at the time the court made its oral decision on the motion, the court observing that:

> I think that the Court has a discretion, but I would be unwilling to exercise that discretion. I think it can only be that the Court could overrule, second guess, others might say, a prosecutor in an extreme abusive discretion.
>
> . . .
>
> I am prepared to make findings of fact here, but I don't think I really have the power in a case of this kind, under the facts of this kind, to dismiss the petition.
>
> . . .
>
> . . . I think I could not exercise the right to dismiss this complaint under the statute on which you rely unless I could make a finding of manifest abuse of discretion on the part of the prosecutor in filing this action.

The trial court concluded that although he did have authority to dismiss he did not wish to exercise it in this case under these circumstances. In sum, it appears that the reci-

tation in the order was directed to lack of a reason to dismiss rather than to a want of authority.

■ Williams next challenges the habitual criminal proceedings upon constitutional grounds. He first states that by being so charged he is denied the equal protection of the law because the prosecuting attorney files such charges on a selective basis. The rule is that a discriminatory purpose on the part of state officers in administering a state law which is fair on its face is not presumed; there must be a showing of clear and intentional discrimination or that an unjustifiable standard or arbitrary classification is applied. *Oyler v. Boles*, 368 U.S. 448, 7 L. Ed. 2d 446, 82 S. Ct. 501 (1962); *Snowden v. Hughes*, 321 U.S. 1, 88 L. Ed. 497, 64 S. Ct. 397 (1944). There is no showing of intentional discrimination or the application of an arbitrary classification against Williams.

■ Williams then argues that the legislature has unconstitutionally delegated its legislative authority to the executive branch by failing to prescribe reasonable standards for the determination by the prosecuting attorney of whom should be proceeded against. The statute, RCW 9.92.090, is clear that

> Every person convicted in this state . . . of any felony, who shall previously have been twice convicted, . . . of . . . a felony, . . . shall be punished by imprisonment in the state penitentiary for life.

and accordingly, no guidelines are needed. The prosecuting attorney's decision must be based upon his ability to meet the proof required by the statute. *State v. Canady*, 69 Wn.2d 886, 421 P.2d 347 (1966).

■ Finally, Williams asserts that he has been twice punished for the same offense contrary to the double jeopardy provision of the United States Constitution, amendments 5 and 14, section 1. According to his counsel's affidavit, Williams was adjudged to be an habitual criminal in Oregon in 1964, on the basis of the same convictions which the State of Washington here alleges in its supplementary information charging him with being an habitual criminal.

The habitual criminal statute enhances the punishment of those found guilty of a crime who are shown to have been convicted of other crimes in the past. *Gryger v. Burke,* 334 U.S. 728, 92 L. Ed. 1683, 68 S. Ct. 1256 (1948); *State v. Lei,* 59 Wn.2d 1, 365 P.2d 609 (1961). The question of previous convictions is important only to determine whether the defendant has shown a persistence in crime which authorizes the severer penalty. *State ex rel. Edelstein v. Huneke,* 138 Wash. 495, 244 P. 721 (1926); *State v. Wait,* 9 Wn. App. 136, 509 P.2d 372 (1973); *State v. Malone,* 9 Wn. App. 122, 511 P.2d 67 (1973). By increasing the punishment for the last offense, the statute does not inflict a double punishment for the same offense, nor place the offender twice in jeopardy. *State v. Le Pitre,* 54 Wash. 166, 103 P. 27 (1909).

The judgment is affirmed.

HOROWITZ and JAMES, JJ., concur.

Petition for rehearing denied December 5, 1973.

Review denied by Supreme Court February 4, 1974.

[No. 2099-1. Division One. August 27, 1973.]