[No. 5161–44471–1.   Division One.   November 28, 1977.]

THE STATE OF WASHINGTON, *Petitioner*, v. ROGER LEASK BRAITHWAITE, *Respondent.*

*Christopher T. Bayley, Prosecuting Attorney,* and *J. Robin Hunt, Deputy,* for petitioner.

*James F. Sanders* of *Seattle–King County Public Defender,* for respondent.

WILLIAMS, J.—The principal question on this review is whether a judgment determining guilt and imposing sentence in a felony case should be considered a "conviction" for purposes of the habitual criminal statute if execution of the sentence is suspended under RCW 9.95.210. We decide that it should be considered and reverse the trial court's decision that it should not.

The facts are that in 1961, Roger Leask Braithwaite was convicted of the crimes of second–degree burglary and first–degree forgery, both felonies; a prison sentence was imposed, but execution thereof was suspended on the following terms and conditions, among others:

1. That defendant shall remain on probation for a period of five (5) years.
2. Abide by the rules and regulations promulgated by the Board of Prison Terms and Paroles and follow implicitly their instructions.

In 1970, Braithwaite was convicted of two counts of robbery, a felony, and given a sentence which was not suspended. In 1976, he was convicted of another felony and in a supplemental information was charged with being a habitual criminal because of the two previous convictions. The habitual criminal statute, RCW 9.92.090, provides for punishment of the defendant by not less than 10 years in prison if he was once previously convicted of a felony and life imprisonment if twice convicted. The trial court, relying on *State v. Mitchell,* 2 Wn. App. 943, 472 P.2d 629 (1970) and *State v. Ashker,* 11 Wn. App. 423, 523 P.2d 949 (1974), rejected the 1961 judgment as a prior conviction because execution of the sentence was suspended.

We begin by observing that the court may suspend execution of sentence under either RCW 9.92.060–.066 (the suspended sentence act), which provides in part:

Whenever any person shall be convicted of any crime except murder, burglary in the first degree, arson in the first degree, robbery, carnal knowledge of a female child under the age of ten years, or rape, the court may in its discretion, at the time of imposing sentence upon such person, direct that such sentence be stayed and suspended until otherwise ordered by such court, and that the sentenced person be placed under the charge of a parole or peace officer during the term of such suspension, upon such terms as the court may determine: . . .

or under RCW 9.95.200–.250 (the probation act), which provides in part:

The court in granting probation, may suspend the imposing or the execution of the sentence and may direct that such suspension may continue for such period of time, not exceeding the maximum term of sentence, except as hereinafter set forth and upon such terms and conditions as it shall determine.

(RCW 9.95.210.) *See State v. Davis,* 56 Wn.2d 729, 355 P.2d 344 (1960).

Although the 1961 judgment and sentence does not specifically refer to any of the statutes of the probation act, we are satisfied that the sentencing judge was proceeding thereunder, and not under the suspended sentence act. Braithwaite was put on "probation" and assigned to the Board of Prison Terms and Paroles, two factors which strongly indicate that the court had the probation act in mind. *State v. Davis, supra; State v. Monday,* 12 Wn. App. 429, 531 P.2d 811 (1975).

The problem is to determine what the legislature meant by the word "convicted," which may be intended to convey different meanings in different contexts. *Tembruell v. Seattle,* 64 Wn.2d 503, 392 P.2d 453 (1964). In *Tembruell,* the Supreme Court was faced with the question of whether a plea of guilty, followed by a suspension of imposition of sentence, constitutes a conviction within the meaning of the

police pension statute, RCW 41.20.110, which provides for the cancellation of pension benefits of one who is "convicted of any felony." Answering that question in the negative, the courts stated at pages 508–10:

The legislature may give whatever meaning it will to a particular word or expression, and, if we understand the legislature's intentions, the courts will give it the same meaning. Our primary function in the field of statutory interpretation is to ascertain the legislature's intent. . . . *That the legislature may declare the entry of a plea of guilty to be a conviction to be weighed by the court in fixing punishment in subsequent criminal proceedings does not give it the same status necessarily in collateral inquiries.* The very granting of probation under either a deferred or suspended sentence comes as a matter of grace or privilege; it is a form of clemency awarded in the court's discretion to one thought deserving of and who will probably be rehabilitated by it. . . . It being such an act of judicial grace under the statute, the legislature may grant to the court whatever powers it may deem appropriate in imposing conditions. *Accordingly, the legislature may designate the entry of a plea of guilty to be regarded by the court as a conviction in the event of later criminal prosecutions without necessarily making the plea to be a conviction for all purposes.* The legislature can make of such plea what it will for particular purposes in particular circumstances without being held to have changed the legal effect of such plea for all purposes.

. . .

Applying these principles to respondent's career, we see that his plea of guilty to grand larceny, coupled with his award of probation and the subsequent dismissal of the information, do not add up to a conviction of felony within the intendments of the police pension statute (RCW 41.20.110), even though *this sequence of events might be specially considered by the court as a prior conviction in a later criminal action.* RCW 9.95.240. . . . *But the entry of a plea of guilty, standing alone, unless specially made so by statute does not constitute a conviction.* In many situations not pertinent to this discussion, a plea of guilty may be withdrawn, or vacated, or

set aside before judgment, in which case it could not be said to be a conviction.

(Italics ours.)

The probation act, RCW 9.95.200 through 9.95.250, allows the trial court to suspend either the imposition or the execution of sentence. RCW 9.95.210. RCW 9.95.240 gives the trial court discretion to reward the successful probationer by causing his verdict of guilt to be set aside and the information or indictment dismissed,.

Provided, That in any subsequent prosecution, for any other offense, such prior conviction may be pleaded and proved, and shall have the same effect as if probation had not been granted, or the information or indictment dismissed.

█ That proviso is an unmistakable indication of the legislature's intent to treat a finding of guilt, followed by suspension of execution of the sentence under the probation act, as a "conviction" in a habitual criminal proceeding. Put another way, the finding of guilt is a "conviction" because it is "specially made so by statute." Tembruell v. Seattle, supra at 510.

The purpose of the habitual criminal statute is to impose a heavier penalty upon the conviction of one whose guilt is aggravated by the repetition of criminal conduct. State v. Miles, 34 Wn.2d 55, 207 P.2d 1209 (1949). Judgment in the case of suspended execution of sentence under RCW 9.95-.210 as firmly establishes that conduct as a judgment in which execution has not been suspended. By analogy, the Supreme Court has recognized this in holding that a conviction followed by an unconditional pardon by the governor is a "conviction" under the habitual criminal statute. State v. Edelstein, 146 Wash. 221, 262 P. 622 (1927). The guilt of the defendant is the key, not the subsequent history of his punishment or rehabilitation. The suspended execution of Braithwaite's sentence in the 1961 case has nothing to do with whether he committed the two felonies. He did; they are of record, they prove repetitive criminal

conduct and by legislative definition, they are "convictions" for the purpose of the habitual criminal statute.

■ Braithwaite also contends that he has now once been put in jeopardy on the habitual criminal charge and so is protected from a second trial by our state and federal constitutions, which prohibit double jeopardy "for the same offense." The habitual criminal statute does not create a crime, but merely enhances the punishment of those found guilty of a crime who are shown to have been convicted of other crimes in the past. *State v. Greene,* 75 Wn.2d 519, 451 P.2d 926 (1969). The statute does not inflict double punishment for the same offense, nor place the offender twice in jeopardy. *State v. Williams,* 9 Wn. App. 622, 513 P.2d 854 (1973).

The judgment, insofar as it dismisses the supplemental information, is reversed and the cause remanded for reinstatement of the habitual criminal proceeding.

FARRIS, C.J., and ANDERSEN, J., concur.

Reconsideration denied April 19, 1978.

Review by Supreme Court pending July 21, 1978.