[Nos. 2174–3; 2182–3.   Division Three.   February 27, 1978.]

THE STATE OF WASHINGTON, *Appellant,* v. KLAUS DIETER NOLL, *Respondent.*

THE STATE OF WASHINGTON, *Appellant,* v. DONNA LAFONTAINE, *Respondent.*

*Donald C. Brockett, Prosecuting Attorney,* and *C. Mark Casey, Deputy,* for appellant.

*Richard L. Cease, Public Defender,* and *Steven L. Olsen, Assistant,* for respondents.

McInturff, J.—Two cases are consolidated on appeal. They present a single issue: Pursuant to JCrR 4.11, does an appeal by the State of a district court dismissal for insufficiency of the evidence at the close of the State's case violate the defendant's double jeopardy rights?

The following facts are taken from a stipulated report of proceedings. Klaus D. Noll was charged with petit larceny of gasoline from a self-service station. At trial the State presented its case through an employee of the service station who testified that she saw Mr. Noll place the pump hose in his auto's gasoline tank, and that when she again looked at Mr. Noll he was driving off leaving a $2 charge on the pump. The witness also testified that no gas can be pumped until the meter has been cleared to zero.

At the conclusion of her testimony, the State rested, and defense counsel moved to dismiss for failure of the State to present a prima facie case. Counsel contended that no evidence was presented to indicate the pump meter was cleared before Mr. Noll arrived and that no one saw him pump gas into the car. After argument, the district court dismissed the case.

Donna LaFontaine was charged with aiding and abetting shoplifting. At trial, on the same day as Mr. Noll, the State presented its case through a store security guard who testified he observed Ms. LaFontaine and another person allegedly shoplift some items of meat. The witness said he saved the price stickers from the meat for evidence but he neglected to bring them to court because he was not informed of the trial date until that morning. The meat had been returned to the display case.

At the conclusion of the State's case, defense counsel moved to dismiss on the grounds the State had not placed

into evidence the corpus delecti—the meat or the stickers. The State argued the evidence was not necessary and that oral testimony was sufficient. The court dismissed the case, but a week later the State moved for reconsideration and a new trial. The deputy prosecutor presented to the court *State v. Newman*, 68 Wn.2d 236, 237, 412 P.2d 515 (1966), for the proposition that oral testimony was sufficient to establish the essential elements of larceny. In the present instance, defense counsel did not produce contrary authority nor did he object to the motion for reconsideration. The court granted the motion and the case was set 3 weeks later before another judge. That judge, however, granted defense counsel's motion to dismiss on the grounds the new trial would violate Ms. LaFontaine's double jeopardy rights.

The State appealed both cases to Superior Court pursuant to JCrR 4.11 which provides in pertinent part:

> If a defendant's motion for judgment of dismissal at the close of the prosecution's case–in–chief is not granted, the defendant may offer evidence without having reserved the right. *If defendant's motion is granted, the state shall have the right to appeal from the court's ruling.*

(Italics ours.) Defense counsel in both cases moved to dismiss the appeal on the ground it violated the defendants' double jeopardy rights. The Superior Court granted the motions, and the State appealed pursuant to RAP 2.2(b)(1).[1]

Recently in *Spokane v. Lewis*, 16 Wn. App. 791, 793, 559 P.2d 581 (1977), this court said that if

> the district court weigh[ed] the evidence at the close of the prosecution's case and [found] it wanting as a matter

---

[1]RAP 2.2(b) provides: "The State or a local government may appeal in a criminal case only from the following superior court decisions *and only if the appeal will not place the defendant in double jeopardy:*

"(1) *Final Decision, Except Not Guilty.* A decision which in effect abates, discontinues, or determines the case other than by a judgment or verdict of not guilty, including but not limited to a decision setting aside, quashing, or dismissing an indictment or information." (Italics ours.)

of law, a trial de novo in superior court would constitute double jeopardy.

Here, as in *United States v. Jenkins,* 420 U.S. 358, 370, 43 L. Ed. 2d 250, 259, 95 S. Ct. 1006 (1975):

> [F]urther proceedings of some sort, devoted to the resolution of factual issues going to the elements of the offense charged, would have been required upon reversal and remand. Even if the District Court were to receive no additional evidence, it would still be necessary for it to make supplemental findings. The trial, which could have resulted in a judgment of conviction, has long since terminated in respondent's favor.[2]

Since the court weighed the evidence at the close of the State's case and found it insufficient, and since a remand to Superior Court would require further proceedings going to the elements of the offenses, these appeals violate the double jeopardy rights of the defendants and are therefore dismissed.

MUNSON, C.J., and GREEN, J., concur.

Reconsideration denied March 28, 1978.

Review denied by Supreme Court September 22, 1978.

---

[2]*See also Lee v. United States,* 432 U.S. 23, 53 L. Ed. 2d 80, 97 S. Ct. 2141 (1977); *Finch v. United States,* 433 U.S. 676, 53 L. Ed. 2d 1048, 97 S. Ct. 2909 (1977).