[No. 5499–1.   Division One.   July 17, 1978.]

THE STATE OF WASHINGTON, *Appellant,* v. WILLIAM RAYMOND KELLY, *Respondent.*

*Christopher T. Bayley, Prosecuting Attorney,* and *Roy N. Howson, Deputy,* for appellant.

*David L. Shorett,* for respondent.

FARRIS, C.J.—The State appeals from an order granting the defendant William Raymond Kelly's motion to dismiss made at the conclusion of the State's case. Kelly has filed a personal restraint petition which will be considered as a pro se supplemental brief. He contends that an appeal by the State violates the double jeopardy clause of the fifth amendment to the United States Constitution, and that he has been denied a "speedy sentencing" as required by CrR 7.1.

On October 22, 1975, judgment and sentence were entered on a jury verdict finding Kelly guilty of credit card

theft. A supplemental information was subsequently filed, charging Kelly with being a habitual criminal in violation of RCW 9.92.090. The State attempted to prove that Kelly had previously been convicted on four occasions. At the close of the State's case, Kelly moved for dismissal, contending that the State had failed to prove a prima facie case. The trial court found as to count 1 that the State had not presented substantial evidence that Kelly had been afforded counsel or had made a valid waiver of counsel prior to his plea of guilty on March 5, 1952, to the crimes of theft of mail and forging and uttering a treasury check entered in the United States District Court for the Eastern District of Louisiana. The trial court further found that as count 4, the State had not presented substantial evidence to find that Kelly had been convicted of the crime or escape in California.

■ The initial issue raised is whether the State can constitutionally appeal from the dismissal of the supplemental information. RAP 2.2(b) provides:

> The State or a local government may appeal in a criminal case only from the following superior court decisions and only if the appeal will not place the defendant in double jeopardy:
> (1) *Final Decision, Except Not Guilty.* A decision which in effect abates, discontinues, or determines the case other than by a judgment or verdict of not guilty, including but not limited to a decision setting aside, quashing, or dismissing an indictment or information.

Under the plain meaning of this rule, the State may appeal the dismissal of an information. Here, the order appealed from states:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the amended supplemental information charging the defendant with being a habitual criminal is hereby dismissed for failure of the state to make out a prima facie case.

Since the trial court dismissed the information, the State had a right to appeal pursuant to RAP 2.2(b), *unless* an appeal would result in double jeopardy. In *State v. Jubie,*

15 Wn. App. 881, 552 P.2d 196 (1976), we held that the trial court's dismissal of an information following a challenge to the sufficiency of the State's evidence was in essence a judgment of not guilty and an acquittal, and that an appeal would be violative of the double jeopardy clause. *Jubie* is clearly distinguishable from this case. The order of dismissal in *Jubie* was a finding of not guilty of the underlying criminal charge. Here, the trial court's dismissal for insufficient evidence, even if considered a weighing of the evidence, relates not to a criminal charge, but to the status of being a habitual criminal, which is a means of enhancing the penalty on the underlying conviction of credit card theft. *State v. Braithwaite,* 18 Wn. App. 767, 572 P.2d 725 (1977). Although the double jeopardy clause prohibits double punishment, Kelly has not yet been sentenced on the underlying charge of credit card theft. A reversal and remand for further proceedings will not result in a double punishment. In addition, a remand to the trial court for the correction of an invalid sentence does not result in double jeopardy. *State v. Pringle,* 83 Wn.2d 188, 517 P.2d 192 (1973).

Kelly also argues that he has been denied his right to a speedy trial and sentencing. Kelly was found guilty of credit card theft following a jury trial on October 22, 1975. On October 31, 1975, the State filed a supplemental information against Kelly, charging him with having attained the status of a habitual criminal. Kelly subsequently fled the jurisdiction of the state of Washington. After his return to the state in January of 1977, an amended supplemental information was filed on March 17, 1977, and he was brought to trial on the habitual criminal allegations. Following dismissal of the habitual criminal information, the State appealed to this court on March 29, 1977. Kelly contends that his right to be sentenced on the underlying charge without "unreasonable delay," as required by CrR 7.1 has been violated. We disagree. CrR 7.1(a)(1) provides in part:

Sentence shall be imposed or an order deferring sentence shall be entered without unreasonable delay. Pending such action the court may release or commit the defendant, pursuant to CrR 3.2.

In a comment to the *Washington Proposed Rules of Criminal Procedure* 143 (1971), it is stated:

Rule 32(a)(1) of the federal Rules of Criminal Procedure is the basis for this rule. The Task Force, however, made some alterations. According to *Pollard v. U.S.*, 352 U.S. 354, 361 (1957), "Rule 32(a) requires the imposition of sentence without unreasonable delay." In *Pollard* the Court argued that sentencing is a part of the trial for the purpose of the Sixth Amendment which calls for a "speedy trial."

In 2 C. Wright & A. Miller, *Federal Practice and Procedure* § 521 (1969), the authors state:

What is "unreasonable delay" under [Rule 32(a)(1)] will depend upon the circumstances. . . . It is clear, however, that delay in sentencing can be detrimental to the defendant, and that the rule may be of advantage to him. It is probable that sentencing is part of the trial for purposes of the Sixth Amendment guaranty of a speedy trial.

The time of imposing sentence rests generally in the sound discretion of the court, . . . In the absence of anything in the record to the contrary, an appellate court must assume that any delay in sentencing was for a lawful purpose in the orderly process of handling a case. Passage of time alone does not bar imposition of sentence or require a defendant's discharge. The delay must smack of the purposeful and oppressive, or even smack of deliberate obstruction on the part of the government, before relief will be granted on this ground. It will be a rare case indeed in which this rigid standard can be satisfied, and the delay found to be unreasonable.

(Footnotes omitted.) Here, the delay in the sentencing on the underlying crime was due in part to Kelly's having absconded from the jurisdiction. The delay occurring subsequent to the dismissal of the information must be considered reasonable in light of the State's right to appeal the dismissal of an information as provided in RAP 2.2(b).

Further, Kelly is presently restrained of his liberty by an order revoking a suspended sentence for the crime of grand larceny. He has not demonstrated that he has been prejudiced by the delay in sentencing him on the underlying crime. *See United States v. James,* 459 F.2d 443 (5th Cir. 1972).

■■ The primary issue raised in the State's appeal is whether the trial court erred in dismissing the information. The State contends that the trial court erred in dismissing count 4 of the information on the ground that the State had not introduced sufficient evidence to establish that Kelly had been "convicted" of a felony in California as charged. We agree. In attempting to prove count 4 of the information, the State introduced exemplified documents from the clerk of the county of San Bernardino, California, containing a complaint, the court reporter's verbatim transcript of Kelly's entry of plea of guilty on January 9, 1970, and an abstract of judgment dated February 20, 1970, showing that he had been found guilty of the crime of escape from a state prison. Following the presentation of the State's case, the court stated:

> I would hold that a judgment can be shown, that is, from the state of California, either by a transcript of the pronouncement of the judgment, or by a copy of the paper that they call a judgment. That is actually the minute entry of the pronouncement of the judgment.
>
> . . .
>
> But even though there is a certified copy, duly certified copy of the abstract of the judgment, I believe that that is not a sufficient showing of the judicial act of the pronouncement of the judgment.
>
> Therefore, I hold that there hasn't been a sufficient showing of the conviction of the crimes of escape alleged in Count 4.

We reject this reasoning. For purposes of the habitual criminal statute, a conviction is the finding of guilt, as distinguished from the judgment and sentence. *State v. Braithwaite, supra.* In proving a prior conviction, the State

is not limited to introducing certified copies of the judgment and sentence. *See, e.g., Cary v. State,* 534 S.W.2d 230 (Ark. 1976); *People v. Hill,* 67 Cal. 2d 105, 429 P.2d 586, 60 Cal. Rptr. 234, *cert. denied,* 389 U.S. 1009, 19 L. Ed. 2d 607, 88 S. Ct. 572 (1967); *Williams v. Page,* 289 F. Supp. 661 (E.D. Okla. 1968). Other methods of proof include, for example, an admission by the defendant. *State v. Alexander,* 10 Wn. App. 942, 521 P.2d 57 (1974). In California, the judgment and sentence must be pronounced orally in the presence of the defendant, and subsequently, a ministerial act of entering the judgment by a minute entry is made by the clerk of the court. *See People v. Hartsell,* 34 Cal. App. 3d 8, 109 Cal. Rptr. 627 (1973). In addition to the minute entry, an abstract or summary of the judgment is also made. California Penal Code § 1213.5. When a person is sentenced to prison, a certified copy of the abstract of judgment is delivered to the officer whose duty it is to execute the sentence. Although an abstract of judgment is not the judgment of conviction, *People v. Hartsell, supra* at 632, it is evidence that the person has been "convicted," *i.e.,* "formally adjudged as being guilty of the crime charged." *State v. Carlyle,* 19 Wn. App. 450, 457, 576 P.2d 408 (1978). A certified copy of an abstract of judgment is sufficient prima facie proof of a prior conviction for purposes of the California habitual criminal statute. *See People v. Vienne,* 30 Cal. App. 3d 266, 105 Cal. Rptr. 584 (1973); *People v. Nugent,* 18 Cal. App. 3d 911, 96 Cal. Rptr. 209 (1971). Similarly, we find that a certified copy of an abstract of judgment is sufficient to prove that the defendant had been previously convicted for purposes of RCW 9.92.090. Accordingly, the trial court erred in dismissing count 4 of the information.

The State also contends that the trial court erred in dismissing count 1 of the information. The record shows, however, that in order to sustain its burden of establishing Kelly's status as a habitual criminal under RCW 9.92.090, the State was required to prove count 1 *or* count 4. In view of our holding concerning the dismissal of count 4, we find

712

it unnecessary to consider whether the trial court also erred in dismissing count 1.

Reversed and remanded.

WILLIAMS and DORE, JJ., concur.

Reconsideration denied December 20, 1978.

Review denied by Supreme Court April 20, 1979.