THE STATE OF NEW JERSEY, PLAINTIFF, v.
STEPHANIE McGUGAN, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided December 14, 1978.

*Mr. David Glazer,* Assistant Prosecutor, for the State
(*Mr. Donald S. Coburn,* Essex County Prosecutor, attorney).

*Mr Peter Kristal,* Legal Intern, for defendant (*Mr. Bernard K. Freamon,* Rutgers Urban Legal Clinic, attorney).

JOSEPH F. WALSH, J. S. C. This appeal from a conviction in the municipal court for a violation of the shoplifting statute (*N. J. S. A.* 2A:170-97) really presents a single issue: Is defendant, charged with and convicted of the charge

of shoplifting, denied her constitutional right of due process when the stolen merchandise is not introduced into evidence at the trial?

The issue appears to be a rather simple one. However, a diligent search by the attorneys, and the court itself, failed to produce any reported decision on this issue in New Jersey.

The facts are: Defendant Stephanie McGugan was charged with violating the shoplifting statute, *N. J. S. A.* 2A:170–97, in that she did on September 3, 1978 unlawfully take into her possession and conceal certain unpurchased merchandise. At the trial a store detective specifically testified that he observed defendant place two packages of gum and some pepperment patties in her pocketbook. Thereafter she was apprehended and a search revealed numerous items that were in her pocketbook, consisting of bottles of aspirin, coca butter, Curad bandaids, toothpaste, denture cleanser, batteries, barrettes, aspergum and the like, including the items of gum and peppermints. The two items were not introduced at trial. At trial defendant, after being advised of her rights, waived counsel and refused to interpose any defense. The municipal court judge made the finding of fact that the State had proved its case beyond a reasonable doubt and found defendant guilty.

Defendant now appeals on the grounds that (1) the items in question were not introduced into evidence at the trial, nor were they produced; (2) defendant did not intelligently waive her right to counsel and (3) the findings are against the weight of the evidence.

As to the latter two, they may be disposed of swiftly. There is no evidence before this court that defendant lacked any understanding of what she was signing when she signed the waiver of counsel, and as to the second ground, there is ample evidence to support the conviction.

In the case of *State v. Newman,* 68 *Wash.* 2d 236, 412 *P.* 2d 515 (Sup. Ct. 1966), the precise issue was presented to the court and there the court held that oral proof

was sufficient to establish the essential elements of the charge. The reasoning behind the ruling was that it was within the sole province of the finder of the fact, be it judge or a jury, to determine whether such evidence established the elements of the charge beyond a reasonable doubt. In that case defendant also rested at the close of the State's case and the jury returned a verdict of guilty.

The philosophy of this finding is set forth in the case of *Foster v. U. S., 94 U. S. App. D. C.* 83, 212 *F.* 2d 249 (D. C. Cir. 1954), *cert.* den. 348 *U. S.* 845, 75 *S. Ct.* 69, 99 *L. Ed.* 666 (1954). There the court, on the same objection of failure to introduce the stolen items, went on to confirm the conviction based upon the eyewitness's testimony and the language of the statute.

For further clarification, see also, *State v. Noll,* 19 *Wash. App.* 368, 575 *P.* 2d 738 (App. Ct. 1978), and *Mora v. U. S.* 190 *F.* 2d 749 (5 Cir. 1951).

This court holds that in order to establish the *corpus delicti* oral testimony supporting the commission of the charge is ample proof, without the actual stolen articles being produced.

The defendant is guilty as charged.