[No. 6129–1.   Division One.   December 18, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES L. PRATER, *Appellant*.

*David Reed,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Ronald H. Clark, Deputy,* for respondent.

RINGOLD, J.—James L. Prater appeals from a judgment and sentence finding him guilty of escape in the first degree and of being a habitual criminal.

The following findings of fact and conclusions of law were entered after a trial to the court:

> On September 7, 1977, . . . James L. Prater, was found guilty by a jury of the felonious crimes of robbery in the first degree, Counts I and II, and assault in the first degree, Counts III and IV and burglary in the first degree, Count V . . . that James Prater was in the King County Jail awaiting sentencing on these crimes under a lawful court order;

Finding of fact No. 1.

> That on September 16, 1977, . . . Prater, was in Unit 1 of the King County Jail being held as a felon; that he was transported under guard to the municipal court of Judge Shaffer for trial on a misdemeanor matter; that [he] was dressed in felony prisoner's overalls;

Finding of fact No. 2.

> That . . . Prater was placed and restrained in a holding room . . .

Finding of fact No. 3.

> That . . . Prater was called into court . . .; that after Judge Shaffer sentenced him, he fled from the courtroom; that Officer Benson attempted to stop [him] but [he] broke loose and fled out of the building;

Finding of fact No. 4.

> That on September 19, 1977, . . . Prater was arrested by Seattle Police officers in a private residence in Seattle, Washington; . . .

Finding of fact No. 5.

> That . . . Prater, on September 16, 1977 was being detained pursuant to a felony conviction for the crimes of robbery in the first degree, assault in the first degree and burglary in the first degree;

Conclusion of law No. 2.

> That while [Prater] was being thus detained pursuant to felony convictions, [he] escaped . . .

Conclusion of law No. 3.

■ The sole issue is whether a person is being detained pursuant to a "conviction" under RCW 9A.76.110(1) when he is in custody following a jury verdict upon which he has not been sentenced.

RCW 9A.76.110(1) states: "A person is guilty of escape in the first degree if, being detained pursuant to a *conviction* of a felony, he escapes from custody or a detention facility." (Italics ours.) Prater argues that for purposes of this statute, the term "conviction" should be construed to mean the judgment and sentence entered by the court following a jury verdict. We reject this argument.

The term "conviction" has been given different meanings, depending upon the context in which it was used by the legislature. *State v. Braithwaite,* 18 Wn. App. 767, 572 P.2d 725 (1977). We recently held in *State v. Carlyle,* 19 Wn. App. 450, 457, 576 P.2d 408 (1978), that for purposes of the habitual criminal statute, the term "conviction" means that "point in a prosecution where the accused is formally adjudged as being guilty of the crime charged." Similarly, in *Hokama v. Johnson,* 89 Wn.2d 580, 574 P.2d 379 (1978), the court held that for purposes of RCW 9.95-.040, the deadly weapon statute, the term "conviction" should be construed to mean a finding of guilt either by a guilty plea or a guilty verdict. We find these cases persuasive and controlling in interpreting the first–degree escape statute.

Further, the legislature enacted three statutes concerning escape, defining first–degree escape in RCW 9A.76.110 as a Class B felony, second–degree escape under RCW 9A.76.120 as a Class C felony, and escape in the third degree under RCW 9A.76.130 as a gross misdemeanor. A person is guilty of first–degree escape if he escapes while being detained pursuant to a felony *conviction.* Those persons who escape after entering a guilty plea to a felony or have been found guilty of having committed a felony by the trier of fact were intended by the legislature to be punished as Class B felons under RCW 9A.20.020(b). The determination of the guilt of the defendant is the important factor under the statutes,

not the subsequent judgment and sentence. We hold that for purposes of RCW 9A.76.110 the term "conviction" means the finding of guilt by the trier of fact.

Affirmed.

SWANSON and WILLIAMS, JJ., concur.

Reconsideration denied February 14, 1979.