[No. 8619–7–I.   Division One.   December 21, 1981.]

THE STATE OF WASHINGTON, *Respondent*, v. RYZARD MATUSZEWSKI, *Appellant*.

*Kempton, Savage & Gossard* and *Anthony Savage,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Patrick Sainsbury, Deputy,* for respondent.

RINGOLD, A.C.J.—Ryzard Matuszewski was charged with grand larceny by fraud for allegedly filing a false insurance claim. The cause was tried to a jury, but at the close of the State's case the trial court granted Matuszewski's motion to dismiss due to insufficiency of the evidence. The State appealed, and we reversed the judgment of dismissal in an unpublished opinion filed January 2, 1979. *State v. Matuszewski,* 21 Wn. App. 1034 (1979). At the second trial, the jury found Matuszewski guilty, and he now appeals the judgment and sentence entered on that verdict. We hold that Matuszewski was twice placed in jeopardy in violation of the fifth and fourteenth amendments to the United States Constitution and article 1, section 9 of the Washington State Constitution. We therefore reverse the judgment and order a dismissal of the information.

The double jeopardy issue is before us pursuant to our request under RAP 12.1(b) for supplemental briefing from the parties. Matuszewski, relying on *State v. Motycka,* 21 Wn. App. 798, 586 P.2d 913 (1978), contends that a dismissal due to insufficient evidence is an acquittal and that, no matter how egregiously erroneous, the dismissal at the first trial bars a retrial. The State, relying on *State v. Portee,* 25 Wn.2d 246, 170 P.2d 326 (1946), and *State v. Brunn,* 22 Wn.2d 120, 154 P.2d 826, 157 A.L.R. 1049 (1945), argues that the dismissal was a legal, not a factual, ruling and that double jeopardy is not a bar to further proceedings following a dismissal on legal grounds.

In *Portee* and *Brunn,* the Washington Supreme Court held that the State could appeal from a dismissal due to insufficient evidence. In *Motycka,* Division Three of this

court, without mentioning *Portee* or *Brunn,* reached a contrary conclusion by relying on recent United States Supreme Court decisions. The court held that double jeopardy bars further proceedings after the trial court, sitting with a jury, dismisses the action due to insufficient evidence. The court also held that double jeopardy prohibits further proceedings even where the conclusion that the evidence is insufficient is based upon an erroneous interpretation of the law. *Accord, State v. Bundy,* 21 Wn. App. 697, 587 P.2d 562 (1978); *State v. Jubie,* 15 Wn. App. 881, 552 P.2d 196 (1976).

Recent United States Supreme Court decisions have markedly changed the law of double jeopardy from that extant at the time of the decisions in *Portee* and *Brunn.* In *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 51 L. Ed. 2d 642, 97 S. Ct. 1349 (1977), the court held that a conclusion by the trial court that the evidence was legally insufficient to sustain a conviction was an acquittal that the government could not appeal even if the decision was egregiously erroneous. *Accord, Sanabria v. United States,* 437 U.S. 54, 57 L. Ed. 2d 43, 98 S. Ct. 2170 (1978). The court recently applied the same rule to bar a retrial in a state criminal prosecution following the trial court's decision that the evidence was legally insufficient to sustain a conviction. *Hudson v. Louisiana,* 450 U.S. 40, 67 L. Ed. 2d 30, 101 S. Ct. 970 (1981).

The State argues that these cases are inapplicable in Washington because they interpret the double jeopardy implications of procedures in which the trial court weighs the evidence and makes factual determinations of innocence. We disagree. In *Hudson,* the trial judge ruled the evidence was insufficient as a matter of law, not because he weighed the evidence and had personal doubts about the defendant's guilt. In *Martin Linen Supply,* the trial court granted a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29. Under rule 29, a federal trial court must view the evidence and all reasonable inferences therefrom in the light most favorable to the government and can

only decide the legal question of whether the evidence, when so viewed, would permit any rational trier of fact to find guilt beyond a reasonable doubt. The federal court may not resolve factual issues or questions of credibility and may not make a subjective determination of guilt or innocence. *Jackson v. Virginia,* 443 U.S. 307, 318–20 & nn.11 & 13, 61 L. Ed. 2d 560, 573–74, 99 S. Ct. 2781, 2789–90 (1979); *Burks v. United States,* 437 U.S. 1, 57 L. Ed. 2d 1, 98 S. Ct. 2141 (1978); *United States v. Martin Linen Supply Co., supra* (Burger, C.J., dissenting); *United States v. Rojas,* 554 F.2d 938 (9th Cir. 1977).

■■ The role of the federal trial court in *Martin Linen Supply* and the state trial court in *Hudson* is identical to the role of a Washington trial court ruling on a motion to dismiss due to insufficient evidence. A Washington trial judge must also decide the question as a matter of law after viewing the evidence and all reasonable inferences therefrom in the light most favorable to the State. *State v. Olson,* 92 Wn.2d 134, 594 P.2d 1337 (1979); *State v. Thompson,* 88 Wn.2d 518, 564 P.2d 315 (1977); *see State v. Williams,* 96 Wn.2d 215, 634 P.2d 868 (1981). It follows that the foregoing decisions by the United States Supreme Court are applicable to the case at bench and that *Portee* and *Brunn* have been impliedly overruled to the extent they allow further proceedings following a dismissal due to the legal insufficiency of the evidence.[1] We hold that

When a trial court dismisses a criminal case for insufficient evidence at the close of the State's case, no matter how erroneous that ruling may be, retrial of the defendant is precluded by the rule that one may not be twice

---

[1]The State does not argue that Matuszewski waived his double jeopardy claim by not asserting it prior to his retrial. In the context of this case, it cannot be meaningfully said that there was a waiver because there was no showing of an intentional relinquishment of a known right or privilege. *Burks v. United States,* 437 U.S. 1, 57 L. Ed. 2d 1, 98 S. Ct. 2141 (1978); *Menna v. New York,* 423 U.S. 61, 46 L. Ed. 2d 195, 96 S. Ct. 241 (1975); *United States v. Anderson,* 514 F.2d 583 (7th Cir. 1975); *United States v. Hill,* 473 F.2d 759 (9th Cir. 1972); *Virgin Islands v. Smith,* 445 F.2d 1089 (3d Cir. 1971); *State v. Springfield,* 28 Wn. App. 446, 624 P.2d 208 (1981); *In re Butler,* 24 Wn. App. 175, 599 P.2d 1311 (1979).

placed in jeopardy for the same offense.

*State v. Rhinehart,* 92 Wn.2d 923, 929, 602 P.2d 1188 (1979) (Hicks, J., concurring); *see State v. Motycka, supra; State v. Bundy, supra; State v. Noll,* 19 Wn. App. 368, 575 P.2d 738 (1978); *Spokane v. Lewis,* 16 Wn. App. 791, 559 P.2d 581 (1977); *State v. Jubie, supra.*[2]

Reversed and remanded with instructions to dismiss the information.

WILLIAMS and CORBETT, JJ., concur.

Reconsideration granted March 2, 1982.

Reaffirmed upon reconsideration May 24, 1982.

---

[2]In *State v. Jubie,* 15 Wn. App. 881, 552 P.2d 196 (1976), we reached virtually the same conclusion without the benefit of the recent United States Supreme Court cases. At the time of the State's appeal in this case, however, a divided panel of this court had ruled otherwise in *State v. Rhinehart,* 21 Wn. App. 708, 586 P.2d 124 (1978), *rev'd on other grounds,* 92 Wn.2d 923, 602 P.2d 1188 (1979).