MARCUM *v.* STATE OF INDIANA.

[No. 29,552. Filed December 3, 1958. Rehearing denied February 6, 1959.]

*Cecil C. Tague,* of Brookville, and *Symmes, Fleming & Symmes,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Merl M. Wall,* Deputy Attorneys General, for appellee.

EMMERT, J.—This is an appeal from a judgment on a verdict finding appellant guilty of the second offense of driving a motor vehicle while under the influence of

intoxicating liquor as charged in an affidavit, which assessed his punishment at 9 months imprisonment, plus a fine in the sum of $100.00. The assignment of errors here charges the trial court erred in overruling appellant's motion in arrest of judgment, and in overruling appellant's motion for a new trial.

The motion in arrest of judgment charged the affidavit did not constitute a public offense. The material allegations of the affidavit alleged:

"that Neal Marcum on the 3rd day of March A. D., 1956, at and in the County of Franklin and State of Indiana, did then and there unlawfully and wrongfully operate a motor vehicle upon and along a certain public highway, to-wit: On U. S. Highway No. 52, at the North edge of New Trenton, Franklin County, Indiana, while he, the said Neal Marcum, was under the influence of intoxicating liquor, and the said Neal Marcum on the 15th day of March, 1953, entered his plea of guilty to the offense of operating a motor vehicle while under the influence of intoxicating liquor in the Justice of the Peace Court of Franklin County, Indiana, Russell Rottinghaus, Justice of the Peace, and the said Neal Marcum is now charged with the second offense of operating a motor vehicle while under the influence of intoxicating liquor, contrary . . ." etc.

The argument section of appellant's original brief contends that the affidavit is defective in that it charged appellant "entered his plea of guilty to the offense of operating a motor vehicle" instead of charging a "conviction."[1] "It is usually con-

1. "Driving While Under the Influence of Intoxicating Liquor or Narcotic Drugs. Any person who drives a vehicle while such person is under the influence of intoxicating liquor or of narcotic drugs shall be guilty of a criminal offense. Upon a first conviction, such person shall be punished by a fine of not less than ten dollars [$10.00] nor more than one hundred dollars [$100], or by imprisonment in the county jail or state farm for a determinate period of not less than ten [10] days nor more than

sidered that there has been conviction of crime when there is a plea of guilty to a charge duly presented or a finding or verdict of guilty after trial . . ." *State* v. *Redman* (1915), 183 Ind. 332, 342, 109 N. E. 184. The decision in *Juskulski* v. *State* (1934), 206 Ind. 503, 190 N. E. 423, relied on by appellant, is not in conflict with this interpretation of "conviction" since the record affirmatively showed that Juskulski had appealed from a judgment of the City Court of Gary, which vacated the judgment. The opinion reasoned, "We interpret the word 'conviction' as used in the statute, §2717, *supra*, to mean a final conclusion of the case, and not a conviction affirmatively shown to have been set aside. The conviction of appellant in the Gary City Court was an essential element of the offense charged, provable only by the records of that court, or as evidenced by a transcript properly certified. [Citing cases.]" P. 510. The motion in arrest of judgment was properly overruled.

Appellant's motion for a new trial challenges the sufficiency of the evidence to sustain the verdict, and the argument section of his original brief is limited to what appellant charges is a failure to prove appellant was the identical person convicted before the Justice of the Peace on March 15, 1953. Although we are not required to do so, we have examined the entire bill of exceptions containing the evidence, and find that the bill of exceptions fails to contain a complete copy of page 64 of Docket No. 4

---

six [6] months, or by both such fine and imprisonment. Upon a second or subsequent conviction, such person shall be punished by a fine of not more than one hundred dollars [$100] and imprisonment in the state farm for a determinate period of not more than one [1] year, or by a fine of not more than five hundred dollars [$500] and imprisonment in the state prison for an indeterminate period of not less than one [1] year or more than three [3] years." Section 47-2001 (b), Burns' 1952 Replacement.

which was the court record of Russell F. Rottinghaus, a Justice of the Peace for Brookville Township, Franklin County, Indiana, in the case of State of Indiana v. Neal Marcum. It is appellant's duty to bring up a proper record. *Siberry* v. *State* (1895), 149 Ind. 684, 688, 39 N. E. 936, 47 N. E. 458. With this state of the record, we cannot hold that appellant did not plead guilty to the charge as pleaded in the affidavit in the appeal at bar.

In *Witte* v. *Dowd, Warden* (1951), 230 Ind. 485, 496, 102 N. E. 2d 630, we held an accused charged with an habitual criminal offense could enter a plea of ■ guilty, which not only admitted the crime charged but also the prior convictions. We see no reason why the appellant could not also admit on the trial that he was the identical person against whom the prior conviction was had as charged. We believe the appellant's answers on cross-examination as to the prior conviction were sufficient to identify him as the person convicted as charged in the affidavit.[2] There was no evidence that there was any person other than appellant convicted under his name in that court on that date.

Other causes for a new trial are based upon the court's ruling in admitting evidence over appellant's objections. It is well settled that "A party ob- ■■ jecting to the admission of evidence or asking that it be struck out must state to the trial court the specific ground or grounds of objection relied on,

---

2.  "Q. Do you recall that you were on April 15, 1953 again in the Justice of Peace Court of RUSSELL ROTTINGHAUS on a charge of no operators license, is that right?

"A. I was in there in 1953 but I had a license.

"Q. Do you recall that you were charged with drunk driving?,

"A. Yes."

Cross-examination of appellant. Tr. p. 162.

and only those objections are available as causes for reversal, on appeal, which were made and ought to have been sustained in the court below." *Pocker* v. *State* (1926), 197 Ind. 599, 601, 150 N. E. 408. See also *Gernhart* v. *State* (1954), 233 Ind. 470, 120 N. E. 2d 265. It would not serve any useful purpose to detail appellant's objections but it is sufficient to note they failed to be sufficiently specific to present error on appeal. Nor do we hold there was any error in sustaining the State's objection to a question put to officer Harry Moore that he had not within the last 30 days threatened a Sandlin boy if he would not take a drunkometer test. Before the ruling, the officer had already answered, "Definitely not." There was no error in overruling appellant's motion for a new trial.

Judgment affirmed.

Landis, C. J., Achor, Arterburn and Bobbitt, JJ., concur.

NOTE.—Reported in 154 N. E. 2d 376.