[Crim. No. 12031.   Second Dist., Div. One.   Feb. 28, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. JOSEPH DOLPHIN LINDSEY, Defendant and Appellant.

Charges M. Berg, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and David Gould, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from "the judgment and sentence" following a conviction of certain sex offenses.

In an information filed on March 11, 1965, defendant was charged in count I with committing a lewd and lascivious act upon the body of Robbin DeDeaux on October 20, 1964, in count III he was charged with the same violation upon the same person on October 21, 1964, and in count V with the same violation upon the same person on October 22, 1964. In count II defendant was charged with violating the provisions of section 288a, Penal Code, in that he participated in the act of copulating the sexual organ of Robbin DeDeaux with defendant's mouth on October 20, 1964; in count IV defendant was charged with the same offense on the same person on October 21, 1964; and in count VI defendant was charged with the same offense on the same person on October 22, 1964. It was alleged that the acts mentioned in counts I through VI were committed against Robbin DeDeaux as above indicated and in counts II, IV and VI that Robbin was at the times of the offenses under the age of 14 years, namely, of the age of 7 years, and defendant was more than 10 years older than

Robbin. In count VII defendant was charged with a violation of section 647a, subdivision (1), Penal Code (annoying and molesting a child) in that he did on October 19, 1964, molest Ray DeDeaux, a child of the age of 10 years, and, further, that defendant previously, in Kern County, on or about December 20, 1963, had been convicted of the crime of violation of section 647a, subdivision (1), Penal Code, with a prior conviction of violation of section 647a, subdivision (1), Penal Code, a felony. In count VIII defendant was charged with a violation of section 647a, subdivision (1), Penal Code, on October 19, 1964, in that he molested Elmer DeDeaux, a child of the age of 12 years, and the prior conviction as stated in count VII was also alleged. It further was charged that defendant, on December 20, 1963, was convicted of a felony in the County of Kern. Defendant pleaded not guilty and denied the prior conviction. Trial by jury was waived and it was stipulated that certain testimony could be read into the record with reference to the prior conviction. Defendant was found guilty as charged, as to counts II, IV and VI, the victim was found to be less than 14 years old and defendant was found to be more than 10 years older than the victim. A motion for a new trial was denied. Doctors were appointed pursuant to section 5504, Welfare and Institutions Code, and defendant was found to be a probable mentally disordered sex offender. Criminal proceedings were suspended and defendant was committed to Atascadero State Hospital for a period of not to exceed 90 days. Pursuant to a report of the superintendent of the hospital that defendant was a mentally disturbed sex offender who would not benefit by care and treatment in a state hospital, the cause was restored to the calendar. A motion for a new trial was again denied and defendant was sentenced to the state prison for the terms prescribed by law as to the offense stated in each of the counts; further, it was ordered that the sentence under count II was to run concurrently with the sentences under count I, that the sentence under count III was to run consecutively with the sentence under count I, and the sentences under counts IV, V, VI, VII and VIII were to run concurrently with the sentence under count III.[1] Defendant filed a timely notice of appeal.

---

[1] The clerk's transcript recites:
"Sentence as to Count 2 is ordered to run CONCURRENTLY with Count 1; Count 3 is ordered to run CONSECUTIVELY to Count 1; Counts 4, 5, 6, 7, and 8 is ordered to run CONCURRENTLY with Count 1." The reporter's transcript recites, "As to count one, I will sentence the defendant to state prison for the term prescribed by law. As to count two, I will sen-

Appellant makes no contention or assertion that the evidence is not sufficient to support the judgment and as a consequence it will not be necessary to set forth the sordid details with reference to the events established. Suffice it to say, the evidence does support the conviction in each and every count as charged. It may also be asserted that the events and acts established with reference to counts II, IV and VI were not separate and distinct events and acts from those established with reference to counts I, III and V, respectively. In other words, the act committed on October 20, 1964, involving Robbin DeDeaux involved one act, and the same for the act committed on October 21, 1964, and the same for the act committed on October 22, 1964.

Appellant now contends that to punish him for violations of sections 288, 288a and 647a, subdivision (1), of the Penal Code is a violation of the Eighth Amendment of the United States Constitution, that punishing him for a violation of sections 288 and 288a, Penal Code, constitutes double punishment as proscribed by section 654, Penal Code, and that such judgment is void, and, further, that when he ''pleaded guilty to his alleged prior he did not receive effective representation'' and, therefore, the prior cannot be found to be true.

The punishment imposed upon appellant for annoying and molesting the DeDeaux boys is not cruel nor is it unusual. Appellant relies heavily upon *Robinson* v. *California,* 370 U.S. 660 [8 L.Ed.2d 758, 82 S.Ct. 1417], arguing, in effect, that he is being punished for being a mentally disordered sex offender and *Robinson* bars any such a judgment. Here appellant is being punished for the despicable and perverted acts he committed—not for any illness or disorder. *Robinson* is not in point.

With reference to appellant's contention that it was error to find a prior conviction of a violation of section 647a,

---

tence the defendant to state prison for the term prescribed by law. That will be concurrent with count one. As to count three, I will sentence the defendant to state prison for the term prescribed by law. Count three will be consecutive to count one. And count four I will sentence the defendant to state prison for the term prescribed by law, and that will be concurrent with count three. Count five, I will sentence the defendant to state prison for the term prescribed by law. That will be concurrent. Count six, I will sentence the defendant to state prison for the term prescribed by law. That will be concurrent. Count seven, I will sentence the defendant to state prison for the term prescribed by law. That will be concurrent. Count eight, I will sentence the defendant to state prison for the term prescribed by law. That will be concurrent. Counts one and three will be consecutive. All other counts will be concurrent.''

subdivision (1), Penal Code, true, it is necessary to set the record straight. The chronology of events with reference to the charge in question is as follows: In February 1962, in Kern County, appellant pleaded guilty to a violation of a charge of violating the provisions of section 647a, subdivision (1), Penal Code, a misdemeanor. Apparently he was not represented by counsel at the time of his plea. He was sentenced to 90 days in jail for the offense. In August of 1962 appellant again was arrested in Kern County on a charge of violating the provisions of section 647a, subdivision (1), Penal Code. The information there filed also charged the prior conviction of February 1962, thereby making the matter a felony. Apparently appellant, at that time, also was charged with a violation of section 288, Penal Code. In the August 1962 case appellant was represented by an attorney.

Appellant, in the August 1962 Kern County case, pleaded guilty to the section 647a, subdivision (1) charge and admitted the alleged prior conviction (the conviction of February, 1962). He was directed to Atascadero State Hospital as a mentally disordered sex offender and was under treatment at that establishment for about 14 months. Apparently he was also convicted of a violation of section 288, Penal Code. In any event he was returned to court in Kern County where he was represented by the attorney who represented him in the first instance, and appellant was placed on probation for three years. It is apparent that there is no merit to appellant's present contention in the case at hand for at the least appellant pleaded guilty to a violation of the provisions of section 647a, subdivision (1), and even if the prior conviction should not have been considered at that time (and we make no such holding) appellant is guilty as charged.[2]

▉ Coming to the last contention, it would appear from the Supreme Court's interpretation of section 654, Penal Code, that appellant has been sentenced to multiple punishment for multiple acts during a single course of conduct on the respective dates heretofore mentioned.

The Attorney General suggests that the sentences be vacated on counts I, II and V, that is, the sentences for violating section 288, Penal Code, on the three separate days. It is stated in *People* v. *Hicks*, 63 Cal.2d 764, 765-766 [48 Cal.Rptr. 139, 408 P.2d 747] : ▉ ''Section 654 of the Penal Code prohibits

[2]It makes no difference according to the statute whether appellant was previously convicted of the misdemeanor version or the felony version of section 647a, subdivision (1).

double punishment, but it does not prohibit double conviction.[1] Hence, conduct giving rise to more than one offense, within the meaning of the statute, may result in initial conviction of both crimes, only one of which, the more serious offense, may be punished. The appropriate procedure on appeal after the erroneous imposition of double punishment is to eliminate the effect of the judgment as to the lesser offense insofar as the penalty alone is concerned. [Citation.]

". . . . . . . . . . . . . .

"The maximum punishment for a violation of section 286 of the Penal Code is life imprisonment."[2] *The maximum punishment for a violation of section 288a of the Penal Code is imprisonment for 15 years.* Therefore, the maximum punishment for the three sex offenses amounts to a life term plus 30 years' imprisonment."[3] (Italics added.)

Also in *People v. Webb,* 158 Cal.App.2d 537, 541 [323 P.2d 141], it is said: "When the victim is a child under the age of 14, an act of sexual perversion is expressly made punishable in different ways and by different provisions of the code—namely, sections 288 and 288a. Therefore, a conviction for violation of one of these sections bars a concomitant conviction for violation of the other when both convictions are based upon the same act. [Citation.] The defendant's act

"[1]Section 654 of the Penal Code provides, in part: 'An act or omission which is made punishable in different ways by different provisions of this Code may be punished under either of such provisions, but in no case can it be punished under more than one; . . .' "

"[2]Although section 286 of the Penal Code prescribes a minimum punishment of imprisonment in the state prison for not less than one year, no maximum term is specified. Section 671 of the Penal Code, however, provides in part: 'Whenever any person is declared punishable for a crime by imprisonment in the state prison for a term not less than any specified number of years, and no limit to the duration of such imprisonment is declared, punishment of such offender shall be imprisonment during his natural life. . . .' Therefore, a violation of section 286 of the Penal Code can be punished by life imprisonment. [Citations.]"

[3]The clerk's transcript in the *Hicks* case, *supra,* discloses that the information in count I charged burglary, counts II and III charged a violation of section 288a, Penal Code "by force, violence, duress, menace or threat of great bodily harm . . ." count IV charged a violation of section 286, Penal Code and count V charged burglary. The evidence as disclosed in the reporter's transcripts supported the charge and the judgment that defendant did commit the offenses charged in counts II and III with force and violence or the threat of such. The judgment and the order of commitment stated clearly that Hicks was convicted as charged and that he had "compelled coparticipation in his act by force, violence, duress, menace, or threat of great bodily harm." In other words, the *Hicks* case was one where the aggravated provisions of section 288a, Penal Code, came into play and were pertinent to the decision.

under such circumstances may be punished either as sex perversion or as lewd and lascivious conduct, but not as both. [Citation.]''

Section 288 of the Penal Code prescribes a punishment upon conviction of a charge of violating such section of being ''*imprisoned in the State prison for a term of from one year to life.*'' Section 288a of the Penal Code prescribes a punishment upon conviction of a charge of violating such section (under the circumstances here present) of ''*imprisonment in the state prison for not exceeding 15 years*'' and the punishment in the state prison shall be ''for not less than three years.'' (Italics added.)

We are persuaded that the term prescribed by law for a violation of Penal Code, section 288, namely, imprisonment ''in the State prison for a term of *from one year to life*'' (italics added) is greater than ''imprisonment for 15 years.'' Or stating it differently, in this case appellant has been sentenced to two consecutive terms and one concurrent term of imprisonment of from not less than one year to life (under counts I, III and V) which is greater than the terms imposed under counts II, IV and VI.

The judgment is reversed insofar as sentence was imposed on the convictions under counts II, IV and VI, and affirmed in all other respects.

Wood, P. J., and Lillie, J., concurred.