The STATE of Utah, Plaintiff and
Appellant,

v.

Vincent Joseph ARCHULETTA, Defend-
ant and Respondent.

No. 13579.

Supreme Court of Utah.

Sept. 17, 1974.

Vernon B. Romney, Atty. Gen., Carl
Nemelka, Salt Lake County Atty., Ronald
N. Boyce, Deputy Salt Lake County Atty.,
Salt Lake City, for plaintiff and appellant.

Larry R. Keller, Salt Lake Legal De-
fender Ass'n, Salt Lake City, for defend-
ant and respondent.

ELLETT, Justice:

The defendant was charged by an infor-
mation with a second-degree felony, to wit,
aggravated assault. His motion to quash
was by the trial court granted "without
prejudice for a new filing" on a charge of
assault, and the State has appealed.[1]

The information charged:

. . . Aggravated Assault By A
Prisoner, in violation of Title 76, Chap-
ter 5, Section 103(2)(a), (Felony of the
Second Degree), Utah Code Annotated,
1953, as amended, as follows, to-wit:

That on or about the 4th day of
December, 1973, in Salt Lake County,
State of Utah, the said Vincent Joseph
Archuletta, a prisoner confined in the
Utah State Prison, assaulted J. Paul
Giles with a deadly weapon, to wit:
a knife.

The section under which the defendant
was charged was enacted by Chapter 196,
Laws of Utah 1973 (Sec. 76–5–103(1), U.
C.A.1953, as amended), and so far as mate-
rial reads: "(1) A person commits aggra-
vated assault if he commits assault as de-
fined in section 76–5–101. . ."

Section 76–5–101 referred to reads:

For purposes of this part "prisoner"
means any person who is in custody of a
peace officer pursuant to a lawful arrest
or who is confined in a jail or other pe-
nal institution regardless of whether the
confinement is legal.

This is an obvious statutory error. The
legislature undoubtedly meant to have Sec.

1. Sec. 77–39–4(1), U.C.A.1953.

76–5–103(1) read, "A person commits aggravated assault if he commits assault as defined in section 76–5–102," etc.

Now, the legislature is not to be censured for enacting Chapter 196, Laws of Utah 1973, wherein all of our criminal laws as set forth in Title 76, U.C.A.1953, and as amended, were repealed. The members of the legislature perhaps did not understand the "Rube Goldberg" system of crimes set forth in that chapter, and we ourselves have trouble in following it. Rather, the criticism, if any there is, should be directed against those who proposed the chapter and lobbied it through the legislature. It seems that the authors either had little experience in the field of criminal law practice or else were fatally bent on mischief to the utter consternation of trial judges and prosecuting attorneys.[2] Not only did the legislature repeal all of the prior criminal code, it went further and abolished all common law crimes.[3] Therefore, at the time of the alleged offense there was no crime of aggravated assault unless it was clearly set forth in Chapter 196, Laws of Utah 1973.[4]

 The statute does not set forth the crime of aggravated assault at all. Even though the rule of strict construction of a criminal statute is not the law in Utah,[5] there is nothing to construe where there is no ambiguity in the statute.

In the case of United States v. Wiltberger,[6] a captain of a merchant vessel killed a seaman aboard ship in a half-mile-wide river in China. The statute under which he was charged prohibited manslaughter on the high seas. In holding that the court had no jurisdiction to try the case, the court said:

. . . The maxim is not to be so applied as to narrow the words of the statute to the exclusion of cases which those words, in their ordinary acceptation, or in that sense in which the legislature has obviously used them, would comprehend. The intention of the legislature is to be collected from the words they employ. Where there is no ambiguity in the words, there is no room for construction. . . .

There is nothing ambiguous about the statute in the instant matter; it simply does not state a crime, and we are not empowered to state one for the legislators simply because it seems certain that they intended to state one themselves.

The judgment of the trial court is affirmed.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.

---

2. Some thirty amendments were made by Chapter 32, Laws of Utah 1974 (Budget Session), in an attempt to alleviate the mischief, including sections involved in this matter.

3. Sec. 76–1–105, U.C.A.1953, as amended; Chapter 196, Laws of Utah 1973.

4. 22 C.J.S. Criminal Law § 17.

5. Sec. 76–1–106, U.C.A.1953, as amended; Chapter 196, Laws of Utah 1973; State v. Ledkins, 5 Utah 2d 422, 303 P.2d 1099 (1956).

6. 5 Wheat. 76, 95, 5 L.Ed. 37 (1820).