Argued and submitted December 16, 1983, affirmed March 7, reconsideration denied
April 27, petition for review allowed May 15, 1984 (297 Or 124)
See 298 Or 173, 691 P2d 89 (1984)

# STATE OF OREGON,
*Respondent,*

*v.*

# THOMAS L. SMITH,
*Appellant.*

(C82-09-37581; CA A28101)

677 P2d 715

Lawrence Matasar, Portland, argued the cause for appellant. With him on the brief was Hoffman, Slader & Matasar, Portland.

Christine A. Chute, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief was Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals from a conviction for attempted theft by extortion. He testified on his own behalf. He assigns as error the trial court's admission of evidence of his previous first degree theft conviction. The evidence was used to impeach his credibility as a witness. We affirm.

Although he had earlier been found guilty of theft in the first degree, ORS 164.055, a Class C felony, defendant argues that, because the conviction had been given misdemeanor treatment by the sentencing judge, it lacks the requisite felony status to be an impeachment crime under OEC 609:

> "For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime in other than a justice's court or a municipal court shall be admitted if elicited from the witness or established by public record, but only if the crime (a) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (b) involved false statement."

It is not clear from the trial court's ruling whether the court allowed the evidence of the conviction under OEC 609(1)(a) or (1)(b). We hold that the evidence was admissible under subsection (a). The rule expressly applies to crimes that are "punishable" by death or as felonies. Notwithstanding that the trial judge afforded defendant treatment as a Class A misdemeanant, defendant's crime was clearly "punishable" as a Class C felony.

We are unable to accept defendant's argument that a "conviction" occurs only on the entry of a "judgment of conviction." ORS 161.705(1)(a) clearly recognizes that there is a distinction. It provides that the court "may enter *judgment of conviction* for a Class A misdemeanor," when "a person is *convicted* of any Class C felony." (Emphasis supplied.) This language demonstrates that the legislature did not regard a "conviction" and a "judgment of conviction" as being equivalent for purposes of this particular statute. The choice of language indicates that a person is "convicted" of the crime

of which he or she is found guilty. Entry of judgment of conviction is simply another matter.

Affirmed.[1]

---

[1] Defendant also argues that, even if the previous conviction is considered a felony, the trial court nevertheless erred (1) in not making an on-the-record finding that the probative value of admitting the conviction outweighed its prejudicial effect to defendant and (2) in failing to make the appropriate four-factor analysis as referred to in the Official Commentary to the OEC. Defendant failed to raise arguments below regarding the purported prejudicial effect of admitting the conviction. Therefore, he is not allowed to raise it now. *State v. Kessler,* 289 Or 359, 371 n 17, 614 P2d 94 (1980). We find nothing in either the rule or the text of the commentary which requires the court to discuss each or any of the four factors on the record. As even defendant points out, the factors are simply meant "to guide the trial court's discretion." *State v. Hamilton,* 60 Or App 676, 655 P2d 223 (1982), *rev den* 294 Or 569 (1983); *State v. Carden,* 58 Or App 655, 650 P2d 97, *rev den* 293 Or 653 (1982). We see no need for the judge to engage in a discourse on the record regarding the analysis he is making. To require such ceremoniousness would be especially meaningless here, where defendant did not argue below that any of the four factors weighed against admissibility.