680 P.2d 980

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Don Lynn BURK, Defendant-Appellee.**

**Nos. 7391, 7446.**

Court of Appeals of New Mexico.

April 17, 1984.

----

Paul Bardacke, Atty. Gen., William Lazar, William McEuen, Asst. Attys. Gen., Santa Fe, for plaintiff-appellant.

Janet Clow, Chief Public Defender, J. Thomas Sullivan, Appellate Defender, Santa Fe, Calvin R. Neumann, Trial Counsel, Clovis, for defendant-appellee.

## OPINION

ALARID, Judge.

The State appeals from orders dismissing supplemental informations which charge defendant with being an habitual offender. The appeals were consolidated because they involve the same issue, namely, whether a proceeding in another state in which the defendant pleads guilty, but where no adjudication of guilt is entered, may be considered a "conviction" for purposes of New Mexico's Habitual Offender Act. NMSA 1978, Sections 31–18–17 through 31–18–20 (Cum.Supp.1983). We affirm.

In cause No. 7391 defendant pled guilty in Curry County (No. 83–CR–9071) to residential burglary and was sentenced to a term of six years, which was to run concurrently with an eighteen month sentence imposed in Roosevelt County (No. 83–CR–11), where defendant pled guilty to unlawfully taking a motor vehicle (No. 7446). In both causes, the district attorney filed supplemental informations, charging defendant as an habitual offender based on his guilty pleas in the respective cases and on a previous Texas "conviction." Defendant moved to dismiss both supplemental informations on the ground that the prior Texas proceedings did not result in a conviction upon which an enhanced sentence could be based. In both cases (Nos. 7391 and 7446), the trial judge dismissed the supplemental informations, finding that under Texas law defendant's previous plea did not result in an adjudication of guilt, and, therefore, no conviction was had. It is from the court's dismissals of the supplemental informations that the State appeals.

New Mexico provides for increasing the basic sentence for those who have been determined to be habitual offenders. § 31–18–17. Section 31–18–17(A) of the Act provides that a "prior felony conviction" means:

(2) any prior felony for which the person was *convicted* other than an offense triable by court-martial if:

(a) the conviction was rendered by a court of another state, the United States, a territory of the United States or the commonwealth of Puerto Rico;

(b) the offense was punishable, at the time of conviction, by death, or a maximum term of imprisonment of more than one year; or

(c) the offense would have been classified as a felony in this state at the time of conviction.

(Emphasis added.) *See State v. Harris*, 101 N.M. 12, 677 P.2d 625 (Ct.App.1984) for an interpretation of Section 31–18–17(A)(2). If the Texas offense in this case constitutes a conviction, the matter would clearly fall within either Section 31–18–17(A)(2)(b) or (c). The sole issue we consider is whether the Texas matter may be properly classified as a "conviction" for purposes of the Act.

Tex.Code Crim.Proc.Ann. art. 42.12, § 3d(a) (Vernon 1979), provides:

Sec. 3d. (a) When in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation on reasonable terms and conditions as the court may require and for a period as the court may precribe [sic] not to exceed 10 years. However, upon written motion of the defendant requesting final adjudication filed within 30 days after entering such plea and the deferment of adjudication, the court shall proceed to final adjudication as in all other cases.

Under the provisions of this statute, adjudication of guilt is deferred until after probation is revoked. Texas courts hold that because no adjudication of guilt is entered, the trial court's action in deferring proceedings is not deemed a "conviction." *Ex Parte Shillings*, 641 S.W.2d 538 (Tex. Cr.App.1982); *McNew v. State*, 608 S.W.2d 166 (Tex.Cr.App.1978). Proceedings under Article 42.12, Section 3d(a) have been characterized as "informal administrative pro-

ceedings," and as such, the order of deferral is not considered to reflect a finding of guilt beyond a reasonable doubt. *Baehr v. State*, 615 S.W.2d 713 (Tex.Cr.App.1981).

The State points out that even when no judgment has been entered, or no sentence has been imposed, sentences for subsequent crimes may be enhanced by virtue of the guilty pleas entered. *State v. Tipton*, 77 N.M. 1, 419 P.2d 216 (1966); *French v. Cox*, 74 N.M. 593, 396 P.2d 423 (1964). Likewise, under federal law, a guilty plea constitutes a conviction. *See Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983). However, such is not the situation under Texas law. There was no conviction.

Section 31–18–17(A)(2)(a) requires that a conviction be rendered by a court of another state. The record in this case is clear that Texas deferred not only the sentence here but also the adjudication of guilt.

There is no indication in the record of any conviction rendered by the court of any other state. We find no "conviction rendered" and, therefore, the proceeding in Texas cannot be used in New Mexico to enhance the defendant's sentence. The trial court acted properly in dismissing the supplemental informations.

We have considered the State's other arguments and find them to be without merit. The judgment is affirmed.

IT IS SO ORDERED.

DONNELLY, C.J., and HENDLEY, J., concur.